JOSEPH T. MCNALLY
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8957
    Email:    matt.coe@usdoj.gov



**FILED**
CLERK, U.S. DISTRICT COURT

JAN 27 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

            v.

VICTOR HUGO RAMIREZ,

        Defendant.

No. CR **2:25-CR-00058-MWC**

PLEA AGREEMENT FOR DEFENDANT
VICTOR HUGO RAMIREZ

1. This constitutes the plea agreement between VICTOR HUGO RAMIREZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's illegal re-entry into the United States. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

    a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the



1/15/25

Court, appear and plead guilty to the single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Illegal Alien Found in the United States Following Deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. At the earliest opportunity requested by the USAO and provided by the Court, admit allegations 1, 2, and 3 charged in the Petition on Probation and Supervised Release dated December 12, 2014, filed in United States v. Victor Hugo Ramirez, Case No. 2:11-cr-1017-CAS (C.D. Cal.).

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

2

1          b.   At the time of sentencing on the Petition on Probation

2 and Supervised Release in <u>United States v. Victor Hugo Ramirez</u>, Case

3 No. 2:11-cr-1017-CAS, recommend a concurrent sentence in connection

4 with defendant's violations of the terms of supervised release as

5 alleged in the Petition on Probation and Supervised Release.

6 Defendant understands and agrees that the USAO's sentencing

7 recommendation in connection with defendant's supervised release

8 proceeding is not governed by Federal Rule of Criminal Procedure

9 11(c)(1)(C) and is not binding on the court.  Defendant also

10 understands and agrees that defendant will not be relieved of his

11 obligations under this agreement or provided an opportunity to

12 withdraw his plea of guilty if the Court imposes a sentence in

13 connection with defendant's supervised release proceeding other than

14 the sentence recommended by the USAO.

15          c.   Abide by all agreements regarding sentencing contained

16 in this agreement.

17          d.   At the time of sentencing on the sole count of the

18 information, provided that defendant demonstrates an acceptance of

19 responsibility for the offense up to and including the time of

20 sentencing, recommend a two-level reduction in the applicable

21 Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1.

22          e.   At the time of sentencing on the sole count of the

23 information, recommend that defendant be sentenced to a term of

24 imprisonment no higher than the low end of the applicable Sentencing

25 Guidelines range, provided that the offense level used by the Court

26 to determine that range is 12 or higher.  For purposes of this

27 agreement, the low end of the Sentencing Guidelines range is that

28 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the single-count information, a violation of 8 U.S.C. § 1326(a), the following must be true: (1) defendant was lawfully deported or removed from the United States; (2) after defendant's deportation or removal, defendant voluntarily entered the United States; (3) after defendant entered the United States, defendant knew that defendant was in the United States and knowingly remained; (4) defendant was found in the United States without having obtained consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department of Homeland Security, or any authorized representative of either official; (5) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States; and (6) defendant was free from official restraint at the time he or she entered the United States. Defendant was free from official restraint if defendant was first observed by a United States officer after defendant physically crossed the border of the United States.

5.    Defendant understands that for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportations or removals must have occurred after defendant was convicted of an aggravated felony, that is, the felony described in paragraph 11 below.

PENALTIES

6.    The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C.

4

§ 1326(b)(2) apply, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that the conviction in this case may result in defendant giving up valuable government benefits and civic rights and may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay

removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C. § 1326(a) as described in the information and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) as set forth above. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of Mexico, was at all times relevant to this plea agreement an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. On or about December 28, 2012, defendant was lawfully deported or removed from the United States. Defendant was also lawfully deported or removed from the United States on or about November 29, 1994, and May 14, 2007. Subsequent to defendant's December 28, 2012 deportation or removal, and prior to October 7, 2024, defendant knowingly and

1    voluntarily re-entered and thereafter remained in the United States.

2    Defendant did so without the consent of the Attorney General or his

3    designated successor, the Secretary of the Department of Homeland

4    Security, or of any authorized representative of either the Attorney

5    General or that Department, to reapply for admission or to otherwise

6    re-enter and remain in the United States.  After defendant re-entered

7    and remained in the United States, on or about October 7, 2024, law

8    enforcement found defendant in Los Angeles County, within the Central

9    District of California.  Defendant was found by law enforcement

10   authorities after he had physically crossed the border of the United

11   States.

12        Prior to defendant's first deportation or removal, on or about

13   June 30, 1994, defendant was convicted of Possession of Cocaine Base

14   for Sale, an aggravated felony, in violation of California Health &

15   Safety Code Section 11351.5 in California Superior Court, Los Angeles

16   County, Case Number BA090504.

17        After defendant's first deportation or removal, on or about

18   September 6, 2012, defendant was convicted of Conspiracy to Transfer

19   False Identification Documents, a felony, in violation of 18 U.S.C. §

20   1028(f), in the United States District Court for the Central District

21   of California, Case Number 2:11-cr-01017-CAS, for which defendant was

22   sentenced to 15 months' imprisonment.

23                           SENTENCING FACTORS

24        10.  Defendant understands that in determining defendant's

25   sentence the Court is required to calculate the applicable Sentencing

26   Guidelines range and to consider that range, possible departures

27   under the Sentencing Guidelines, and the other sentencing factors set

28   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

                                    7

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2L1.2(a) |
| Felony Conviction After Deportation and Sentence Imposed More than One Year and One Month | +6 | U.S.S.G. § 2L1.2(b)(3)(C) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

9

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.  Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 12 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

10

WAIVER OF COLLATERAL ATTACK

Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

12

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

22.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

26.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

~~E. MARTIN ESTRADA~~ JOSEPH T. MCNALLY
~~United States Attorney~~ ACTING UNITED STATES ATTORNEY

_____          1/22/25
MATT COE-ODESS                    Date
Assistant United States Attorney

_____          1|22|25
VICTOR HUGO RAMIREZ               Date
Defendant

_____          1|22|25
CURT V. LEFTWICH                  Date
Attorney for Defendant VICTOR HUGO
RAMIREZ

15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  This agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          1/22/25
VICTOR HUGO RAMIREZ                       _____
Defendant                                Date

16

CERTIFICATION OF INTERPRETER

I, _Kathleen Caulfield_ , am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant VICTOR HUGO RAMIREZ on this date.

_Kathleen Caulfield_                    _1-22-25_
INTERPRETER                             Date


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am VICTOR HUGO RAMIREZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Curt V. Leftwich_                      _1/22/25_
CURT V. LEFTWICH                        Date
Attorney for Defendant VICTOR HUGO
RAMIREZ

17

1
2
3
4                              **EXHIBIT A**
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          CR No.

11            Plaintiff,            I N F O R M A T I O N

12       v.                        [8 U.S.C. §§ 1326(a), (b)(1),
13                                  (b)(2): Illegal Alien Found in
                                    the United States Following
14  VICTOR HUGO RAMIREZ,            Deportation]

15            Defendant.

16
17        The United States Attorney charges:
18                  [8 U.S.C. §§ 1326(a), (b)(1), (b)(2)]
19        On or about October 7, 2024, defendant VICTOR HUGO RAMIREZ, an
20  alien, who had been officially deported and removed from the United
21  States on or about November 29, 1994, May 14, 2007, and December 28,
22  2012, was found in Los Angeles County, within the Central District of
23  California, after knowingly and voluntarily re-entering and remaining
24  in the United States without having obtained permission from the
25  Attorney General or his designated successor, the Secretary of
26  Homeland Security, to reapply for admission to the United States
27
28

1  following deportation and removal.

2       At least one of defendant RAMIREZ's previously alleged

3  deportations and removals from the United States occurred subsequent

4  to defendant RAMIREZ's conviction for one or more of the following

5  felonies and aggravated felonies:  (1) Possession of Cocaine Base for

6  Sale, in violation of California Health & Safety Code Section

7  11351.5, on or about June 30, 1994, in California Superior Court, Los

8  Angeles County, Case Number BA090504, and (2) Conspiracy to Transfer

9  False Identification Documents, in violation of 18 U.S.C. § 1028(f),

10 on or about September 6, 2012, in the United States District Court

11 for the Central District of California, Case Number 2:11-cr-01017-

12 CAS.

13

14                                    E. MARTIN ESTRADA
                                      United States Attorney
15
                                      LINDSEY GREER DOTSON
16                                    Assistant United States Attorney
                                      Chief, Criminal Division
17

18

19
                                      FRANCES E. LEWIS
20                                    Assistant United States Attorney
                                      Chief, General Crimes Section
21
                                      JASON PANG
22                                    Assistant United States Attorney
                                      Deputy Chief, General Crimes
23                                    Section

24                                    MATT COE-ODESS
                                      Assistant United States Attorney
25                                    General Crimes Section

26

27

28

                                      2